FRANK V. STRAUSS, DEFENDANT IN ERROR, v. AMERICAN TALCUM COMPANY, PLAINTIFF IN ERROR.

Argued July 7, 1899—Decided November 20, 1899.

Where, in an action upon a contract, the defendant seeks to escape liability solely upon the ground that the person who assumed to act for him in the making of the agreement sued on was not authorized to act as his agent, proof of the presence of facts which compel the conclusion that such agency existed not only requires the refusal of a motion to nonsuit, but, uncontradicted, justifies the court in controlling the verdict of the jury.

---

On error to the Supreme Court.

For the plaintiff in error, *William S. Stuhr*.

For the defendant in error, *Queen & Tennant.*

The opinion of the court was delivered by

GUMMERE, J. Strauss, the defendant in error, who was a publisher of theatre programmes, entered into a contract, in October, 1897, with the executors of one Julius Fehr, deceased, for the advertising in said programmes, during the theatrical season then next ensuing, the business carried on by the executors for the benefit of the Fehr estate, at the rate of $59.06 per week.

In January, 1898, the executor sold the business of the estate to the American Talcum Company, the plaintiff in error, and shortly afterwards an agreement was entered into by Strauss with one Marnell, who represented himself to be

the manager of the talcum company's business, by the terms of which the contract for advertising made with the Fehr estate was to be continued, with certain modifications of the terms as to payments, the company being substituted as a party in the place of the Fehr executors. In pursuance of this arrangement, Strauss advertised in his programmes the business of the talcum company until June, 1898, when he in turn sold out his theatre programme business to a corporation known as Strauss & Company, who continued the publication of the advertisement until the expiration of the time fixed in the original contract. Copies of the programmes were sent each week to the talcum company, together with a bill for the publication of that week. Two payments were made by the company on account of the indebtedness accruing under the contract, each by its check countersigned by Marnell as secretary.

After the expiration of the contract the talcum company refused to pay the sum which remained due thereon according to its terms, and Strauss thereupon brought suit for the amount which was unpaid. At the trial a motion to nonsuit the plaintiff was made and refused, and at the close of the testimony on both sides the court directed a verdict in his favor.

This writ was sued out for the purpose of reviewing the judgment entered on that verdict, it being assigned for error by the defendant that the trial judge should not have directed a verdict for the plaintiff, but on the contrary should have ordered a nonsuit to be entered against him because, as is contended, he failed to establish by proof any authority conferred by the talcum company upon Marnell to make the contract sued on. It is further contended that it was erroneous to permit the plaintiff to recover the full amount of his claim because his right to be compensated for the publication of the advertisement was terminated by the transfer of his business to the corporation known as Strauss & Company, the insistment being that the latter company, and not Strauss, was the creditor for all publications of the advertisement subsequent to that transfer.

As to the propriety of refusing the motion to nonsuit and controlling the jury in its verdict: Although there was no direct evidence of the existence of such agency, proof of the submission to the company each week of the publication of their advertisement, accompanied by bills rendered in pursuance of its terms, coupled with the additional fact that the company made two payments on account thereof, afforded such evidence of the ratification by the company of Marnell's action as, uncontradicted, compelled the conclusion that he was clothed with power to represent the company in the making of the contract sued upon. No attempt was made on behalf of the defendant to controvert any of these facts. The refusal of the motion to nonsuit and the control of the verdict of the jury were therefore in accordance with well-settled rules of practice.

The contention that the contract between the parties was terminated by the transfer by Strauss of his business to Strauss & Company is based upon a misapprehension of the contractual relation. That transfer did not operate to release Strauss from his obligation to continue to advertise the business of the talcum company in the theatre programmes. If he had ceased to do so he would clearly have been liable for the breach of his contract, notwithstanding that he was no longer the publisher of the programmes. By the continuation of the advertisement he became liable to the new proprietors of the business for their payment, but his performance entitled him to have the contract executed by the other party thereto, in accordance with its terms.

The judgment under review should be affirmed, with costs to the defendant in error.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, GARRISON, LIPPINCOTT, GUMMERE, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 12.

*For reversal*—None.